UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ATHENEX INC., et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 19-cv-00603 (APM) |
| ALEX M. AZAR II, et al. | ) ) ) | |
| Defendants. | ) ) | |

### ORDER

Plaintiffs ("Athenex") seek a stay or injunction of the court's Order of August 1, 2019, granting summary judgment in favor of Federal Defendants and Intervenor-Defendants, *Athenex Inc. v. Azar*, No. 19-CV-00603 (APM), 2019 WL 3501811, at *15 (D.D.C. Aug. 1, 2019). *See* Athenex's Mot. for a Stay or Injunction Pending Appeal, ECF No. 41 [hereinafter Mot. for Stay]. The court has elsewhere discussed the standard for injunctive relief pending appeal, *see, e.g., Cigar Assoc. of Am. v. FDA*, 317 F. Supp. 3d 555, 560–61 (D.D.C. 2018), and incorporates that discussion here. Having considered the required factors, the court concludes that, even if Athenex has raised "serious legal questions going to the merits," *see id.* at 561 (internal quotation marks and citations omitted), the remaining factors do not support granting the "extraordinary relief" that it seeks, *Citizens for Responsibility & Ethics in Washington v. Fed. Election Comm'n*, 904 F.3d 1014, 1017 (D.C. Cir. 2018).

Critically, Athenex has not established irreparable harm, which by itself is fatal to its request for stay. *See Sampson v. Murray*, 415 U.S. 61, 88 (1974) (noting that irreparable harm has "always" been "[t]he basis of injunctive relief in the federal courts") (quoting *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 506–07 (1959)). In *Cuomo v. U.S. Nuclear Regulatory*

*Commission*, the D.C. Circuit held that "self-imposed costs are not properly the subject of inquiry on a motion for stay." 772 F.2d 972, 977 (D.C. Cir. 1985). There, an electrical utility company asserted that the court should factor into its harm analysis the costs it would incur from a licensing delay, including the need to continue paying retained experts during the period of delay, as well as that delay would require it to purchase new supply. *See id.* The court declined to consider either cost. With respect to the hiring of experts, the court observed that the utility had taken "a risk that a low-power testing license might not be granted or might be delayed. Such self-imposed costs are not properly the subject of inquiry on a motion for stay." *Id.* As for the need to purchase new supply, the court characterized that cost as a "self-imposed risk," one incurred "without any assurance that low-power testing would go forward." *Id.*

Here, Athenex contends, in short, that it will lose substantial revenue and suffer potential collateral consequences if the court refuses a stay. *See* Decl. of Joseph Mase, ECF No. 39-5, ¶¶ 11–23. But those costs are "self-imposed." Athenex took a business risk by producing a bulk-compounded vasopressin product "without any assurance" that the Food and Drug Administration ("FDA") would recognize a "clinical need" for vasopressin under Section 503B. Indeed, Athenex announced its product launch on August 13, 2018, a mere 15 days before the FDA would issue its proposed determination that there was *not* a "clinical need" for vasopressin. *See* Athenex Mot. to Intervene, *Par Sterile Prods., LLC v. Hargan*, No. 1:17-cv-02221-APM, ECF No. 19, at 11; List of Bulk Drug Substances for Which There is a Clinical Need Under Section 503B of the Federal Food, Drug, and Cosmetic Act, 83 Fed. Reg. 43,877 (Aug. 28, 2018). That proposed action threatened the continued viability of Athenex's vasopressin product. Yet, even after the FDA's announcement, Athenex significantly grew its manufacture and sales, "without any assurance" that

the FDA would reverse course and place vasopressin on the "clinical need" list. *Cuomo*, 772 F.2d at 977. The potential loss of revenue in such circumstances does not qualify as irreparable harm.

Athenex counters that its "harm is not one of its own making," but rather "is the result of using a regulatory framework FDA created and raising an APA challenge to FDA's clinical need determination." Athenex's Reply Mem. Supporting Its Mot. for a Stay, ECF No. 47, at 6. But "[a] stay pending appeal is not intended to inoculate a party against the risks of litigation, nor is it the Court's role to grant emergency relief to protect a party from the consequences of its own fully-informed decisions." *See Friends of the Capital Crescent Trail v. Fed. Transit Admin.*, 263 F. Supp. 3d 144, 151 (D.D.C. 2017) (citations omitted). As discussed, two weeks and a day after launching its product, Athenex learned that the FDA was disinclined to place vasopressin on the "clinical need" list, thereby placing in grave doubt its ability to continue bulk compounding with vasopressin. Athenex cannot reasonably claim, under that timeline, the harm it now faces is not the product of taking business and litigation risks that did not pay off.

The balance of equities also does not favor a stay. Whatever sales Athenex will lose in the absence of an injunction presumably will be gained by a competitor. *See Serono Labs., Inc. v. Shalala*, 158 F.3d 1313, 1326 (D.C. Cir. 1998) (noting that courts must consider "the extent to which an injunction will substantially injure the other party"). Both Par Sterile, which produces the FDA-approved branded product, Vasostrict, and PharMEDium Services, which bulk compounds Vasostrict into a ready-to-use formulation, s*ee Athenex*, 2019 WL 3501811, at *14, stand to pick up the sales lost by Athenex. Thus, the "balance of harms results roughly in a draw." *Serono Labs*, 158 F.3d at 1326.

Finally, the public interest here leans in favor of denying an injunction. As the court found, the "FDA's method of determining 'clinical need' for a bulk drug substance by referring to the

approved product is supported by the text, structure, and purposes of Section 503B." *Athenex*, 2019 WL 3501811, at *13. Apparently, this decision has enabled the agency to move forward with making other "clinical need" determinations under Section 503B. *See* List of Bulk Drug Substances for Which There is a Clinical Need Under Section 503B of the Federal Food, Drug, and Cosmetic Act, 84 Fed. Reg. 46,014 (Sept. 3, 2019). The public interest favors the agency carrying out its statutory functions under the Food, Drug and Cosmetic Act, instead of facing an extended period of uncertainty that would arise from a stay. *Cf. Serono Labs.*, 158 F.3d at 1326–27 (finding the public interest served where FDA likely properly approved a new generic drug).

For the foregoing reasons, Athenex's Motion for a Stay or Injunction Pending Appeal, ECF No. 41, is denied.

Dated: September 6, 2019

Amit P. Mehta
United States District Court Judge